UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-03235-PSG (DFM) | Date: | May 11, 2020 |
|---|---|---|---|
| Title | Eric Dwight Rice v. Gavin Newsom | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |
| **Proceedings:** | (IN CHAMBERS) ORDER TO SHOW CAUSE | |

On April 2, 2020, Eric D. Rice ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition").[1] Petitioner contends that his 1990 no-contest plea should not have counted as a strike under California's "three-strikes" law. See id. at 2. He also argues that he is entitled to re-sentencing under Propositions 47 and 57. See id.

It appears that Petitioner's claims have not been exhausted in state court. Although Petitioner filed a state habeas petition in the Los Angeles County Superior Court, see id. at 3-4, 11 (order denying petition on December 28, 2018), there is no indication that he raised the instant claims to the California Supreme Court, see id. at 4 (selecting both "Yes" and "No" as to whether an appeal was taken); see also http://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for "Eric Rice") (showing most recent California Supreme Court filing as February 13, 2015, with denial on May 13, 2015).

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's

---

[1] Section 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. Here, Petitioner remains incarcerated according to the judgment of a state court. Accordingly, the Court construes the Petition as brought under § 2254.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

As noted above, it appears that all claims in the Petition are unexhausted. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). The Petition is accordingly subject to dismissal.

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The Ninth Circuit has held that a district court also "has the discretion to stay and hold in abeyance fully unexhausted petitions" under Rhines. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements. In any event, he has not requested a stay of these proceedings while he exhausts his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

state remedies, much less attempted to make the three necessary showings under Rhines. In light of Mena, however, the Court will give Petitioner an opportunity to move for a Rhines stay.

The Court notes that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). With Petitioner's state habeas petition being denied by the Los Angeles Superior Court on December 28, 2018, Petitioner is strongly encouraged to file a state habeas petition with the California Supreme Court as soon as practicable.

IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following:

(1) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies;

(2) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines; or

(3) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1).

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.