# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ERIC DWIGHT RICE,<br><br>Petitioner,<br><br>v.<br><br>GAVIN NEWSOM,<br><br>Respondent. | Case No. CV 20-03235-PSG (DFM)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO VACATE AND DISMISSING PETITION |

On April 2, 2020, Eric D. Rice ("Petitioner"), a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus ("Petition"). See Dkt. 1. In Ground One, Petitioner contends that his 1990 convictions should not have counted as strikes under California's Three Strikes Law. See id. at 7. In Ground Two, Petitioner asks for "assisted suicide by lethal injection in the interest of justice." Id. In Ground Three, Petitioner seeks resentencing under California Propositions 47 and 57. See id. Before the Court is Respondent's Motion to Vacate.¹ See Dkt. 16.

For the reasons set forth below, the Motion is GRANTED and the Petition is DISMISSED.

---

¹ Petitioner also filed in January 2021 a motion for appointment of counsel. See Dkt. 19. The Court denies that request for the same reasons set out in its November 25, 2020 order. See Dkt. 15.

I.  BACKGROUND

In 1999, a Los Angeles County Superior Court jury convicted Petitioner of second-degree robbery. See Lodged Document ("LD") 1 at 2. The trial court found that Petitioner had suffered five prior serious felony convictions within the meaning of California Penal Code sections 667(a)(1) and 1170.12(a)-(d). Id. at Petitioner was sentenced to 35 years to life in state prison under California's Three Strikes Law.

In 2002, Petitioner filed a federal habeas corpus petition in the Eastern District of California. On August 15, 2005, the District Judge denied the petition on the merits. See LD 2. On July 25, 2006, the Ninth Circuit affirmed. See LD 4.

In 2015, Petitioner filed a second federal habeas corpus petition in this Court. On April 9, 2015, the District Judge summarily dismissed the petition as second or successive. See LD 6. On December 7, 2015, the Ninth Circuit denied Petitioner's request for a certificate of appealability. See LD 8. On May 19, 2016, the Ninth Circuit denied Petitioner's motion for reconsideration. See LD 9.

On December 24, 2018, Petitioner filed a state habeas corpus petition, seeking "assisted suicide" or resentencing under California Propositions 47 and 57. See Dkt. 1 ("Petition") at 2. On December 28, 2018, the Los Angeles Superior Court denied the petition, stating that it had "neither the legal jurisdiction nor the moral authority to order that Petitioner be put to death." Id. at 11. On November 13, 2018, Petitioner filed a habeas corpus petition with the California Court of Appeal. See https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (Search for "Eric, Eric"). On January 31, 2019, the petition was denied "on the grounds petitioner is not entitled to resentencing under Senate Bill 1393 and his

remaining claim was previously raised in prior petitions are rejected." Id. (citations omitted).

## II. PROCEDURAL POSTURE

Petitioner filed the instant Petition on April 2, 2020. After the Court issued an Order to Show Cause for failure to exhaust, Petitioner moved for a stay under Rhines v. Weber, 544 U.S. 269 (2005). See Dkt. 6. On August 5, 2020, Respondent filed a Motion to Vacate Order Requiring Response to Request for Stay, arguing that the Court lacked jurisdiction because Petitioner named the wrong respondent and the Petition was second or successive. See Dkt. 9. On August 24, the Court granted Respondent's motion on the ground that Petitioner had failed to name a proper respondent but denied it on the ground that the Petition was second or successive. See Dkt. 12. The Court explained:

> The instant Petition, however, appears to challenge, at least in part, the state court's denial of his motion to reconsider his sentence under Proposition 57. See Petition at 2, 6-7. That ballot initiative went into effect on November 9, 2016, after Petitioner's 2002 and 2015 filings. See Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) ("The Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions."). Additionally, the Petition also appears to raise claims related to Proposition 47. See Petition at 2, 6-7. The Ninth Circuit has left open the question of whether a habeas petitioner's "unsuccessful effort to obtain relief under . . . California ballot iniative[s] . . . result[s] in issuance a new, intervening judgment for purposes of § 2244(b)." Morales v. Sherman, 949 F.3d 474, 476 (9th Cir. 2020).

Id. at 2-3.

On December 16, 2020, Respondent again moved to vacate, now arguing that Ground One is successive and no claims are cognizable on federal habeas review. See Dkt. 16. Petitioner filed an opposition. See Dkt. 20.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). It requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). The court of appeals may authorize the filing of a second or successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

The Court agrees with Respondent that Ground One is successive. Petitioner argues that his 1990 convictions for robbery and attempted murder could not be used as strikes at his 1999 sentencing because he was never informed that they could be used to enhance his sentence. See Petition at 6-7. Because Petitioner could have raised this claim in his prior federal habeas petitions, it is successive. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 200) (holding that a "habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier federal petition).

The Court also agrees with Respondent that Grounds Two and Three are not cognizable. See Dkt. 16 at 6-7. Petitioner's request for assisted suicide is not a basis for habeas relief. And Petitioner's claim regarding the denial of

4

his petition for resentencing challenges only the application of state law and is thus not cognizable on federal habeas review. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law."); Preciado v. Spearman, No. 20-908, 2020 WL 3491564, at *2 (C.D. Cal. June 26, 2020) (habeas claims pursuant to Proposition 47 not cognizable and collecting cases); Jordan v. Holbrook, No. 19-1883, 2020 WL 4336277, at *3 (C.D. Cal. Mar. 18, 2020) (habeas claims pursuant to Proposition 57 not cognizable and collecting cases).

## IV. CONCLUSION

Respondent's Motion to Vacate is GRANTED. The Petition is DISMISSED. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: 3/2/21

PHILIP S. GUTIERREZ
Chief United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge